IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE AVERY BEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAURA KELLY, )<br>Kansas Governor, in her official and )<br>individual capacities, et al., )<br>)<br>Defendants. ) | Case No. 21-2367-KHV |

## **ORDER**

The pro se plaintiff, Michelle Avery Bey, has moved to proceed with this action in forma pauperis (ECF No. 3). The court has reviewed plaintiff's application and finds that supplementation is necessary.

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." However, "[p]roceeding in forma pauperis in a civil case is a privilege, not a right—fundamental or otherwise."[1]  In considering a request to proceed in forma pauperis, the court will compare an applicant's monthly income and cash on hand to her

---

[1] *Green v. Suthers*, 208 F.3d 226, at *2 (10th Cir. 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

monthly expenses and financial obligations.[2]  The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court.[3]

Plaintiff's application asserts only that she "does not have, or possess, the gold or silver coin, as prescribed by United States Constitution Law" as "lawful tender."[4] Plaintiff's application provides no information with respect to her employment status or financial status and obligations.  The absence of this information prevents the court from making an informed decision about whether the waiver of court costs and fees is justified.  Plaintiff is therefore ordered to file a supplemental financial affidavit by **September 7, 2021**.  The supplemental affidavit should include information regarding plaintiff's employment status, ownership in real property (if any), the amount of plaintiff's cash on hand (if any), the amount of money received from government and other sources in the last 12 months (if any), plaintiff's monthly expenses and obligations, as well as any other matter which might be pertinent to the court's determination of whether to allow plaintiff to proceed in forma pauperis.  The court encourages plaintiff to use the form affidavit of financial status available on the court's website, http://ksd.uscourts.gov.  Following receipt

---

[2] *See Heady v. Wendy's/Arby's Group, Inc.*, No. 11-1151, 2011 WL 3889247, at *1 (D. Kan. Sept. 2, 2011) (citing cases).

[3] *Azzun v. Kan. Dep't of Health and Env't*, No. 09-4144, 2009 WL 5171778, at *2 (D. Kan. 2009) (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).

[4] ECF No. 3-1 at 1.

of the supplemental affidavit, the court will consider plaintiff's in forma pauperis application.[5]

A copy of this order shall be mailed to plaintiff by certified and regular mail.

IT IS SO ORDERED.

August 23, 2021, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U. S. Magistrate Judge

---

[5] Should plaintiff fail to timely file the supplemental affidavit, the motion to proceed in forma pauperis will be denied and plaintiff will be directed to pay the court's filing fee.