IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE AVERY BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-2367-KHV |
| ) | |
| LAURA KELLY, ) | |
| Kansas Governor, in her official and ) | |
| individual capacities, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

The pro se plaintiff, Michelle Avery Bey, has moved to proceed with this action in forma pauperis (ECF No. 3). The court has reviewed plaintiff's motion, financial affidavit, and supplemental financial affidavit. Because plaintiff has not demonstrated an inability to pay the required filing fee, the motion is denied.

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." However, "[p]roceeding in forma pauperis in a civil case is a privilege, not a right─fundamental or otherwise."[1] In considering a request to proceed in forma pauperis, the court will compare an applicant's monthly income and cash on hand to her

---

[1] *Green v. Suthers*, 208 F.3d 226, at *2 (10th Cir. 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

monthly expenses and financial obligations.[2] The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court.[3]

Plaintiff has failed to adequately demonstrate the need to proceed in forma pauperis. Her initial financial affidavit indicated only that she "does not have, or possess, the gold or silver coin, as prescribed by United States Constitution Law" as "lawful tender."[4] Because this affidavit provided no information with respect to plaintiff's employment status, financial status, or financial obligations from which the court could make an informed decision about whether the waiver of court costs and fees is justified in this case, the court ordered plaintiff to file a supplemental financial affidavit.[5] The court specifically directed:

> the supplemental affidavit should include information regarding plaintiff's employment status, ownership in real property (if any), the amount of plaintiff's cash on hand (if any), the amount of money received from government and other sources in the last 12 months (if any), plaintiff's monthly expenses and obligations, as well as any other matter which might be pertinent to the court's determination of whether to allow plaintiff to proceed in forma pauperis."[6]

The court directed plaintiff to the form affidavit of financial status available on the court's website, which the court encouraged plaintiff to use.[7]

---

[2] *See Heady v. Wendy's/Arby's Group, Inc.*, No. 11-1151, 2011 WL 3889247, at *1 (D. Kan. Sept. 2, 2011) (citing cases).

[3] *Azzun v. Kan. Dep't of Health and Env't*, No. 09-4144, 2009 WL 5171778, at *2 (D. Kan. 2009) (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).

[4] ECF No. 3-1 at 1.

[5] ECF No. 4.

[6] *Id.* at 2.

[7] *Id.*

Plaintiff's supplemental affidavit provided none of the information requested by the court, nor any other information indicating plaintiff is unable to pay the court's fees.[8] Instead, plaintiff takes the position that she has a constitutional right to proceed in federal court to redress a grievance, and that court fees inappropriately turn this "said secured right of the First Amendment of the United States Constitution into a privilege." As the court noted above, however, the Tenth Circuit Court of Appeals has previously rejected this argument, clearly holding that "[p]roceeding in forma pauperis in a civil case is a privilege, not a right—fundamental or otherwise."[9]

Without providing any substantive information about her financial condition, plaintiff has not shown that she is entitled to in forma pauperis status. Plaintiff indicates that she will pay the filing fee if her motion is denied, but requests the court inform her "of the specie in which to pay."[10] Plaintiff is ordered to pay the filing fee in U.S. currency by **September 30, 2021**. If plaintiff fails to pay the fee in full by this deadline, the undersigned will issue a report and recommendation to the presiding U.S. District Judge, Kathryn H. Vratil, recommending that the case be dismissed without prejudice for lack of prosecution.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections by filing a motion for review of this order. Plaintiff must file any objections

---

[8] ECF No. 5-1.

[9] *Green*, 208 F.3d 226, at *2 (quoting *White*, 157 F.3d at 1233).

[10] ECF No. 5-1 at 2.

3

within the 14-day period if she wants to have appellate review of this order.  If plaintiff does not timely file her objections, no court will allow appellate review.

A copy of this order shall be mailed to plaintiff by certified and regular mail.

IT IS SO ORDERED.

Dated September 8, 2021, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U. S. Magistrate Judge